UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

R.C., through his/her purported parent and natural guardian, Wendy Cross, on behalf of themselves and all others similarly situated,

Plaintiff,

v.

EDUCATIONAL TESTING SERVICE,

Defendant.

Case No. 1:26-cv-08661-KES-CDB

ORDER DIRECTING PLAINTIFF TO FILE MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR PLAINTIFF R.C.

ORDER DIRECTING PLAINTIFF TO FILE MOTION FOR R.C. TO PROCEED UNDER PSEUDONYM FOR PLAINTIFF OR A REPORT WHY SUCH MOTION IS NOT NECESSARY

**7-Day Deadline**

Plaintiff R.C. ("Plaintiff") initiated this action with the filing of a complaint on October 20, 2026. (Doc. 1). Plaintiff alleges in the complaint that the action is brought through his/her purported parent and guardian, Wendy Cross. (Doc. 1 at 2). The Court draws the reasonable inference from the complaint that Plaintiff is a minor given the allegation that Plaintiff currently is a student at a California public school. (Doc. 1 at 3).

**Order Directing Plaintiff to File a Motion for Appointment of Guardian Ad Litem**

Pursuant to Local Rule 202,

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the

> Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

E.D. Cal. L.R. 202(a) (citing Fed. R. Civ. P. 17(c)).

Because the claims of a minor plaintiff may only be brought "by a next friend or guardian ad litem," a guardian must be appointed by the Court to protect the minor's interests. *See* Fed. R. Civ. P. 17(c)(2). As of the date of entry of this Order, Plaintiff has presented neither "appropriate evidence of the appointment of a representative for the minor or incompetent person under state law" or a motion in this Court for the appointment of a guardian ad litem.

Accordingly, as set forth below, the Court will order Plaintiff to file either (1) evidence of the appointment of a guardian ad litem for minor Plaintiff, or (2) a motion for the appointment of a guardian ad litem for minor Plaintiff consistent with Rule 17, Federal Rules of Civil Procedure, and Local Rule 202.

**Order Directing Plaintiff to File a Motion to Proceed Under Pseudonym**

The complaint identifies the minor Plaintiff via pseudonym, namely, R.C. (Doc. 1 at 1).

The default rule is that parties to an action in federal district court must identify themselves by their true names. However, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her]

intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id.* (citations and internal quotations marks omitted). A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068-69.

As Plaintiff has not sought relief of Court to proceed in this action under pseudonym, the Court will direct Plaintiff to either file a motion to proceed pseudonymously or a report indicating why a motion to proceed pseudonymously is unnecessary.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that, **within 7 days** of entry of this order:

1. Plaintiff shall file either (a) a motion for the appointment of a guardian ad litem consistent with Rule 17, Federal Rules of Civil Procedure, and Local Rule 202, or (b) appropriate evidence of the appointment of a representative for minor Plaintiff consistent with state law; and
2. Plaintiff shall file either (a) a motion for leave of Court to proceed pseudonymously, or (b) a report demonstrating that such motion is not necessary.

IT IS SO ORDERED.

Dated: **October 23, 2026**

UNITED STATES MAGISTRATE JUDGE