UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.C., through his/her purported parent and natural guardian, WENDY CROSS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDUCATIONAL TESTING SERVICE,<br><br>Defendant. | Case No. 1:26-cv-08661-KES-CDB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT GUARDIAN AD LITEM FOR MINOR PLAINTIFF R.C.<br><br>(Doc. 6)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM<br><br>(Doc. 7) |

Plaintiff R.C., a minor by and through purported guardian ad litem Wendy Cross ("Plaintiff"), initiated this action with the filing of a complaint on October 20, 2026, against Defendant Educational Testing Service ("Defendant"). (Doc. 1). On October 23, 2026, the Court directed Plaintiff to file motions to proceed under pseudonym and to appoint guardian ad litem for the minor Plaintiff. (Doc. 4).

Pending before the Court is Plaintiff's motions to appoint a guardian ad litem (Doc. 6), and for leave to proceed under initials for minor plaintiff, construed as a motion to proceed under pseudonym. (Doc. 7).

## I. <u>Discussion</u>

### A. Plaintiff's Motion to Appoint Guardian Ad Litem

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor

may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id.* The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California require the attorney representing a minor to present the Court with either (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law, (2) a motion for the

appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. E.D. Cal. Local Rule 202(a)(1) (citing Fed. R. Civ. P. 17(c)). Moreover, under Local Rule 202, the attorney must make an additional in connection with an application for appointment of guardian ad litem:

> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

Here, Plaintiff requests the Court to appoint Wendy Cross as guardian ad litem for minor Plaintiff R.C. (Doc. 6 at 1). Ms. Cross declares that R.C. is her child and is under 18 years of age. (Doc. 6-1 at 1, Declaration of Wendy Cross ¶¶ 2, 3). Ms. Cross declares that she is willing to serve as guardian ad litem for her child R.C. in this litigation, and that she has no interests adverse to the interests of R.C. *Id.* ¶¶ 6, 7, 10. Plaintiff asserts that R.C. has no other appointed representative or guardian ad litem (Doc. 6. at 2) and a review of the docket evidences no prior application for appointment of guardian ad litem filed in this action.

In further support of the motion, Plaintiff's counsel attests he entered into a contingency fee agreement on October 20, 2026, with Wendy Cross, in her capacity as purported guardian ad litem for R.C. Plaintiff's counsel declares that neither he nor any other attorney became involved in the application at the insistence of the party against whom the causes of action are asserted and

that counsel has no connection or relationship with any the Defendant aside from the instant action. (Doc 6-2. at 2-3, Declaration of Mark A. Cianci ¶¶ 7,8). Counsel declares that they have not received any compensation but expect to receive compensation upon any settlement or verdict, in the form of a percentage of said settlement or verdict. Counsel has not provided the details of the written class action attorney representation agreement signed by Ms. Cross on behalf of R.C. retaining counsel to represent R.C.

The Court finds that the standards for the appointment of Ms. Cross have been met and that she is competent and qualified to serve as guardian ad litem for R.C. *See, e.g.*, *I.W. by & through Aguirre v. Clovis Unified Sch. Dist.*, No. 1:24-cv-01074-JLT-BAM, 2024 WL 4216753, at *1 (E.D. Cal. Sept. 17, 2024) (appointing minor plaintiff's mother as guardian ad litem); Local Rule 202(c). Therefore, the Court shall grant the motion to appoint Ms. Cross as guardian ad litem for R.C.

**B. Plaintiff's Motion to Proceed Under Pseudonym**

Minor Plaintiff seeks to proceed under the pseudonym "R.C." (Doc. 7). Plaintiff asserts that Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, as well as Local Rule 140(a)(i), require use of initials for minor parties in lieu of their full name. *See id.*

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her]

intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id.* (citations and internal quotations marks omitted). In evaluating such a request, courts should consider the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.*

"The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice … [as well as] decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068-69. "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears … (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest.'" *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

The Court has reviewed Plaintiff's motion and finds the reasons advanced for proceeding under pseudonym warrant granting the relief requested. Plaintiff represents that R.C. is a minor. (Doc.7 at 1). It is well established that minors may proceed in a suit anonymously and, absent court order to the contrary, must be named only by their initials in filings before the Court. *See* Fed. R. Civ. P. 5.2(a). Given the confidential nature of the breached data at issue in this action, the Court finds good cause to grant Plaintiffs' motion for minor Plaintiffs to proceed pseudonymously in this action. *See id.*; Local Rule 140(a)(i); *Advanced Textile Corp.*, 214 F.3d at 1067; *e.g.*, *Doe by and through Doe v. Mariposa Cnty. Unified School District*, No. 1:24-cv-01033-BAM, 2024 WL 4133214, *1 (E.D. Cal. Sept. 10, 2024) (granting ex parte motion to proceed under pseudonym for minor plaintiff).

## II. <u>Conclusion and Order</u>

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's motion for the appointment of guardian ad litem for minor Plaintiff R.C. (Doc. 6) is **GRANTED**.

2. Wendy Cross is appointed to act as guardian ad litem for Plaintiff R.C and is authorized to prosecute the action on R.C.'s behalf.
3. Plaintiff's motion to proceed under pseudonym (Doc. 7) is **GRANTED**. All parties and their counsel shall use the pseudonym R.C. in place of minor Plaintiff's legal name in all future pleadings and papers filed in this action.
4. The parties are prohibited from disclosing or publishing the true name of minor Plaintiff except by order of this Court and as necessary toward the prosecution or defense of the case.

IT IS SO ORDERED.

Dated: **November 9, 2026**

UNITED STATES MAGISTRATE JUDGE